UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHELE PEARSON,

    Plaintiff,

v.

CHICAGO HOUSING AUTHORITY, et al.,

    Defendants.

No. 14 CV 9993

Judge Manish S. Shah

## ORDER

Plaintiff's complaint [1] is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion for attorney representation [5] is denied without prejudice. Plaintiff must submit an amended complaint, articulating specific claims against defendants that are not barred by her prior lawsuit, by 01/09/15. Plaintiff's petition to proceed in forma pauperis [4] will be taken under advisement with an amended complaint. Failure to submit an amended complaint for screening by 01/09/15, will lead to dismissal of this case with prejudice for want of prosecution.

## STATEMENT

Plaintiff Michele Pearson has submitted a complaint for violation of constitutional rights, and seeks *in forma pauperis* status. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915(e)(2)(B), which provides for the dismissal of "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997), as well as complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012).

The complaint names the Chicago Housing Authority, H.J. Russell (a real estate firm), and several individuals as defendants. According to the complaint, the CHA and the Cabrini Green Rowhouses discriminate against plaintiff on account of her religious beliefs as a Jehovah's Witness. In particular, the complaint alleges that the CHA has said that "Jehovah's Witnesses are not a real religion," and their ministry activity does not count toward public housing's requirement than tenants be engaged in work, educational, or volunteer activities. [1] at 4. Plaintiff alleges that she has been threatened with eviction as a result, and placed in dangerous and unsanitary public housing conditions. *Id.*

Pearson filed suit against the CHA and several of these same individual defendants in 2013. *Pearson v. CHA, et al.*, No. 13 CV 5891 (N.D. Ill.) (St. Eve, J.). The complaint in that case similarly alleged that the CHA "stated that Jehovah's Witnesses are not a real religion, therefore our volunteer work and ministry school

are bogus." 13 CV 5891, Docket Entry #7. Plaintiff also alleged in that earlier case that she was moved to a crime-infested area. *Id.* at 7. That case was ultimately dismissed for want of prosecution, pursuant to Fed. R. Civ. P. 41(b). 13 CV 5891, Docket Entry #38.

A dismissal for want of prosecution under Rule 41(b) operates as an adjudication on the merits. Once the merits have been adjudicated, a litigant cannot refile the same lawsuit. *See Kimmel v. Texas Commerce Bank*, 817 F.2d 39, 40 (7th Cir. 1987). The doctrine of res judicata bars the second suit when the first suit led to a final judgment on the merits, there was an identity of the cause of action, and an identity of parties or their privies in the two actions. *Id.*

In this new complaint, Pearson alleges the same cause of action against many of the same defendants as in her earlier suit (the CHA, Ann Boy, Eric Garrett, Michael Tucker, Given Hinton, Jadine Chow, and Sherry Tucker). The dismissal in the earlier case operated as a final judgment on the merits; therefore the identical claims in this complaint are barred and must be dismissed.

There are three new defendants named in the caption of Pearson's complaint, H.J. Russell, Karen Smith Barge, and "Mr. Khan." It may be that res judicata does not bar claims against these defendants, but there is another problem with the complaint as submitted—it does not allege the personal involvement of the individuals in the alleged constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010). Nor does the complaint describe how H.J. Russell, a private company, is involved. Section 1983 applies only to state actors. The complaint is therefore dismissed for failure to state a claim against these defendants. This dismissal is without prejudice.

Plaintiff's motion for attorney representation is denied without prejudice. Because plaintiff has not yet stated a claim, it is premature to recruit counsel on her behalf. Plaintiff must submit an amended complaint for review by January 9, 2015, at which time the court will again consider her in forma pauperis application, and screen the complaint pursuant to 28 U.S.C. § 1915. If plaintiff does not submit an amended complaint by January 9, 2015, this case will be terminated for want of prosecution pursuant to Rule 41(b).

ENTER:

Date: 12/19/15

Manish S. Shah
U.S. District Judge